USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-1197 CME, ASSOCIATES, INC., AS IT IS THE GENERAL PARTNER OF CME GROUP, LTD., Plaintiff, Appellee, v. JOSEPH D. FORD AND SHIRLEY ANN FORD, ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Boudin, Circuit Judge, _____________ and Ponsor,* District Judge. ______________ ____________________ Alan R. Hoffman with whom John R. Cavanaugh and Lynch, Brewer, ________________ __________________ ______________ Hoffman & Sands, LLP were on brief for appellants. ____________________ Judith Gail Dein with whom James J. Arguin, Warner & Stackpole, _________________ ________________ ___________________ LLP and Christopher Nolland were on brief for appellee. ___ ___________________ ____________________ October 17, 1996 ____________________ ____________________ * Of the District of Massachusetts, sitting by designation. Per Curiam. This is an action on a promissory note by ___________ CME Associates against the Fords, two of whom were co-signers of the note. The district court granted partial summary judgment in favor of CME, establishing the senior Fords' liability on the note. A number of other issues remain to be resolved, but the court entered a separate judgment pursuant to Fed. R. Civ. P. 54(b). The Fords' primary defense to the note was an alleged oral modification of the terms of the note by the prior holder, the FDIC. The district court rejected this defense on the ground that the note's current owner, CME, is a holder in due course protected by Massachusetts law against such modifications absent notice. See Mass. Gen. Laws ch. 106, ___ 3-305(2)(e). We are satisfied from a review of the record that CME did not have notice and that there was insufficient evidence to the contrary to warrant a trial on this question. The Fords also argued that CME's foreclosure sale of real property securing the note was conducted in a commercially unreasonable fashion. E.g., RTC v. Carr, 13 ____ ___ ____ F.3d 425 (1st Cir. 1993). In effect, the Fords said that the sale was conducted in a negligent manner. But their affidavit to this effect did not even purport to show that it was made by someone with knowledge of the facts as required by Fed. R. Civ. P. 56(e). The Fords say that more time should have been allowed for discovery concerning the conduct -2- -2- of the sale, but this is a matter largely within the purview of the district court, Ayala-Gerena v. Bristol Myers-Squibb ____________ ____________________ Co., 95 F.3d 86, 91 (1st Cir. 1996), and we perceive no abuse ___ of discretion. Moreover, the record does not reflect that the Fords made anything approaching an adequate showing before the district court to justify invocation of the "escape hatch" under Fed. R. Civ. P. 56(f). Paterson-Leitch _______________ Company, Inc. v. Massachusetts Municipal Wholesale Electric ______________ ___________________________________________ Company, 840 F.2d 985, 988-989 (1st Cir. 1988). _______ No other issues argued by the Fords in this case require further comment. It would be helpful in the future for the district court to be more explicit in setting forth its express determination that there is no just reason for delay as required by Fed. R. Civ. P. 54(b). Affirmed. ________ -3- -3-